IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

_____
                                  )
UNITED STATES OF AMERICA,          )
                                  )
            Plaintiff,             )
                                  )
vs.                                )   Case No.:  3:19-CR-95
                                  )
TAYLOR E. MEADOWS,                 )
                                  )
            Defendant.             )
_____   )

**CHANGE OF PLEA PROCEEDINGS**
**BEFORE THE HONORABLE THOMAS A. VARLAN**

**January 31, 2020**
**11:02 a.m. to 11:20 a.m.**

**APPEARANCES:**

**FOR THE PLAINTIFF:**          KEVIN QUENCER, ESQUIRE
                                Assistant United States Attorney
                                United States Department of Justice
                                Office of the United States Attorney
                                800 Market Street
                                Suite 211
                                Knoxville, Tennessee 37902

**FOR THE DEFENDANT:**          MARK E. BROWN, ESQUIRE
                                Menefee & Brown, LLP
                                9724 Kingston Pike
                                Suite 505
                                Knoxville, Tennessee 37922

**ALSO PRESENT:**               TAYLOR E. MEADOWS, DEFENDANT

(Proceedings recorded by mechanical stenography, transcript
produced by computer-aided transcription.)

**REPORTED BY:**
Rebekah M. Lockwood, RDR, CRR
Official Court Reporter
(813) 317-8286 | r.lockwooduscr@gmail.com
P.O. Box 173496, Tampa, Florida 33672

1    (Call to Order of the Court)

2             THE COURT:  Let's call up the next case.

3             THE COURTROOM DEPUTY:  Criminal Action 3:19-CR-95,

4    United States of America versus Taylor Meadows.

5             Mr. Kevin Quencer is here on behalf of the

6    government.  Is the government present and ready to proceed?

7             MR. QUENCER:  We are.  Good morning, Your Honor.

8             THE COURT:  Morning.

9             THE COURTROOM DEPUTY:  Mr. Mark Brown is here on

10   behalf of the defendant.  Is the defendant present and ready to

11   proceed?

12            MR. BROWN:  Present and ready, Your Honor.

13            THE COURT:  All right.  Thank you.  We'll ask the

14   United States attorney to please give us the status of this

15   case.

16            MR. QUENCER:  Yes, Judge.  The plea agreement has

17   been filed in this case, and the defendant wishes to change her

18   plea from guilty to not guilty -- sorry, from not guilty to

19   guilty.

20            THE COURT:  Thank you.

21            Good morning, Ms. Meadows.  The Court has now been

22   informed you wish to change your plea in this case pursuant to

23   your written plea agreement.  So if you'll please come up to

24   the lectern, along with your counsel, we'll begin by having you

25   sworn in by the courtroom deputy.

UNITED STATES DISTRICT COURT

1        THE COURTROOM DEPUTY:  Ma'am, if you'll raise your

2   right hand.

3        (The Defendant Is Sworn.)

4        THE COURTROOM DEPUTY:  Would you please state your

5   name for the record.

6        THE DEFENDANT:  Taylor Meadows.

7        THE COURT:  Thank you, Ms. Meadows.

8        Before I accept your guilty plea, there are a number

9   of questions I need to ask you to assure your plea is valid.

10       Do you understand you're now under oath, and if you

11  answer any of my questions falsely, your answers may later be

12  used against you in another prosecution for perjury or making a

13  false statement?

14       THE DEFENDANT:  (Moving head up and down.)

15       THE COURT:  Do you understand that?

16       THE DEFENDANT:  (Moving head up and down.)

17       THE COURT:  Speak up, yes or no, so the court

18  reporter can hear you.

19       Okay.  All right.  You've given us your name.  Do you

20  go by any other names?

21       THE DEFENDANT:  No.

22       THE COURT:  And, Ms. Meadows, are you a citizen of

23  the United States?

24       THE DEFENDANT:  Yes.

25       THE COURT:  Were you born here, or are you a

                     UNITED STATES DISTRICT COURT

1  naturalized citizen?

2            THE DEFENDANT:  I was born here.

3            THE COURT:  How old are you, please?

4            THE DEFENDANT:  27.

5            THE COURT:  How far did you go in any schooling?

6            THE DEFENDANT:  College.

7            THE COURT:  Any difficulties at the present time

8  reading or writing in any way?

9            THE DEFENDANT:  No.

10           THE COURT:  Have you ever suffered from or been

11  treated for any mental health illness or addiction to narcotic

12  drugs of any kind?

13           THE DEFENDANT:  Mental health, yes.

14           THE COURT:  All right.  Any difficulties in that

15  regard, do they at the present time interfere in any way with

16  your ability to communicate with your attorney or otherwise

17  participate in these proceedings?

18           THE DEFENDANT:  No.

19           THE COURT:  Have you taken any drugs, medicine,

20  pills, or alcoholic beverage of any kind within the last 24

21  hours?

22           THE DEFENDANT:  No.

23           THE COURT:  Do you understand what's happening here

24  today?

25           THE DEFENDANT:  Yes.

                    UNITED STATES DISTRICT COURT

1          THE COURT:  Mr. Brown, do you consider the defendant

2    competent to enter a plea of guilty to the charged offenses?

3          MR. BROWN:  I do, Your Honor.

4          THE COURT:  All right.  Ms. Meadows, have you

5    received a copy of the indictment against you?

6          THE DEFENDANT:  Yes.

7          THE COURT:  Have you had ample opportunity to discuss

8    the charges against you in your case with your lawyer?

9          THE DEFENDANT:  Yes.

10          THE COURT:  Have you told your lawyer everything you

11    know about this case?

12          THE DEFENDANT:  Yes.

13          THE COURT:  Do you believe your lawyer is fully aware

14    on all the facts on which the charges are based?

15          THE DEFENDANT:  Yes.

16          THE COURT:  Has your lawyer advised you as to the

17    nature and meaning of the charges?

18          THE DEFENDANT:  Yes.

19          THE COURT:  Has your lawyer advised you as to the

20    elements of the offenses charged which the government must

21    prove beyond a reasonable doubt?

22          THE DEFENDANT:  Yes.

23          THE COURT:  Has your lawyer advised you as to any

24    defense you may have to the charges?

25          THE DEFENDANT:  Yes.

UNITED STATES DISTRICT COURT

1          THE COURT:  Has your lawyer explained the terms of

2     the plea agreement to you?

3          THE DEFENDANT:  Yes.

4          THE COURT:  Have you and your lawyer discussed any

5     maximum possible penalty, including any imprisonment, fine, and

6     term of supervised release, as well as any mandatory minimum

7     penalty?

8          THE DEFENDANT:  Yes.

9          THE COURT:  Have you and your lawyer discussed any

10    applicable forfeiture, the Court's authority to order

11    restitution and to impose a special assessment?

12          In other words, have you talked about part of the

13    potential punishment range --

14          THE DEFENDANT:  Yes.

15          THE COURT:  -- the forfeiture, restitution, and

16    special assessments, have you been able to discuss that with

17    your attorney?

18          THE DEFENDANT:  Yes.

19          THE COURT:  And are you satisfied with the advice

20    your attorney has given you?

21          THE DEFENDANT:  Yes.

22          THE COURT:  Mr. Brown, are you satisfied the

23    defendant understands the charges and elements of the offenses

24    charged?

25          MR. BROWN:  I do, Your Honor.

UNITED STATES DISTRICT COURT

1          THE COURT:  And the legal meaning of the words used

2     in the indictment and in the plea agreement?

3          MR. BROWN:  I am, Your Honor.

4          THE COURT:  All right.  Next, Ms. Meadows, I need to

5     talk to you about certain constitutional rights that you waive

6     or give up by pleading guilty.

7          Do you understand you have a right to plead not

8     guilty to any offense charged against you and to persist in

9     that plea?

10          THE DEFENDANT:  Yes.

11          THE COURT:  Do you understand you would then have the

12     right to a trial by jury, during which you would also have the

13     right to the assistance of counsel for your defense?

14          THE DEFENDANT:  Yes.

15          THE COURT:  Do you understand you'd have the right to

16     see and hear all the witnesses and have them cross-examined in

17     your defense, as well as the right on your own part not to

18     testify, unless you chose to do so in your own defense?

19          THE DEFENDANT:  Yes.

20          THE COURT:  Do you understand you would have the

21     right to compel the attendance of witnesses to testify on your

22     behalf?

23          THE DEFENDANT:  Yes.

24          THE COURT:  Do you understand by entering this plea

25     of guilty, if accepted by the Court, there will be no trial,

                    UNITED STATES DISTRICT COURT

1  and you will have given up the right to a trial of any kind, as
2  well as those other rights associated with the trial that I've
3  described to you?

4       THE DEFENDANT:  Yes.

5       THE COURT:  Do you also understand you'll be giving
6  up the right not to be compelled to incriminate yourself, that
7  is, the right to remain silent, as well as the right to require
8  the United States to prove you guilty beyond a reasonable
9  doubt?

10      THE DEFENDANT:  (Moving head up and down.)

11      THE COURT:  All right.  Now, as to the voluntariness
12 of your plea, has any person, including an officer or agent of
13 the government, put any pressure on you, mental or physical, to
14 force you to plead guilty?

15      THE DEFENDANT:  No.

16      THE COURT:  All right.  Now looking at your plea
17 agreement itself, do you understand you're agreeing to be held
18 responsible for a mixture and substance containing a
19 combination of heroin and fentanyl that included at least
20 8 grams but less than 16 grams of a detectable amount of
21 fentanyl?

22      THE DEFENDANT:  Yes.

23      THE COURT:  Next, and I'm looking at Paragraph 9 now,
24 do you understand your plea agreement contains provisions
25 waiving certain rights, including the right to appeal or

UNITED STATES DISTRICT COURT

1    collaterally attack your sentence?

2              THE DEFENDANT:  Yes.

3              THE COURT:  Paragraph 9A provides you agree not to

4    file a direct appeal of your conviction or sentence.  Do you

5    understand that?

6              THE DEFENDANT:  Yes.

7              THE COURT:  Do you understand the only exception to

8    this waiver of direct appeal is you retain the right to appeal

9    a sentence imposed above the Sentencing Guideline range

10   determined by the Court or above any mandatory minimum sentence

11   deemed applicable by the Court, whichever is greater?

12             THE DEFENDANT:  Yes.

13             THE COURT:  Next, Paragraph 9B -- or under

14   Paragraph 9B, you are waiving the right to file any motions or

15   pleadings pursuant to 28 United States Code Section 2255 or to

16   collaterally attack your conviction or sentence.

17             Do you understand that?

18             THE DEFENDANT:  Yes.

19             THE COURT:  Do you understand the only exception to

20   this waiver is you retain the right to raise by -- excuse me,

21   you retain the right to raise by way of collateral review,

22   under Section 2255, claims of ineffective assistance of counsel

23   or prosecutorial misconduct?

24             THE DEFENDANT:  Yes.

25             THE COURT:  Finally, Paragraph 9C provides you will

                    UNITED STATES DISTRICT COURT

1    not request to receive from any department or agency of the

2    United States any records pertaining to the investigation or

3    prosecution of this case.

4              Do you understand this?

5              THE DEFENDANT:  Yes.

6              THE COURT:  Any questions about these waiver

7    provisions in your plea agreement or any of the other

8    provisions of your plea agreement?

9              THE DEFENDANT:  No.

10             THE COURT:  Mr. Brown, do you wish to waive reading

11   of the indictment?

12             MR. BROWN:  I do, Your Honor, yes.

13             THE COURT:  Mr. Quencer, at this time, if the

14   government would please state its case against the defendant,

15   including the charges, the elements and factual basis for the

16   elements of the charges, and the maximum possible punishment.

17             MR. QUENCER:  Yes, Your Honor.

18             The defendant will plead guilty to the following

19   counts of the indictment:

20             The lesser included offense as to Count 1, which is a

21   conspiracy to distribute and possess with the intent to

22   distribute a mixture and substance containing fentanyl and

23   heroin, in violation of 21 U.S.C. 846, 841(a)(1) and

24   841(b)(1)(C).

25             The punishment for this offense is a term of

                    UNITED STATES DISTRICT COURT

imprisonment of not more than 20 years, a maximum fine of
$1 million, a term of supervised release of at least three
years up to life, and a mandatory special assessment of $100.

As to Count 2, possession of firearms in furtherance
of a drug-trafficking crime, in violation of 18 United States
Code 924(c), the punishment for this offense is a mandatory
minimum term of imprisonment of five years, which must be run
consecutive with any other offense in the indictment, and I
believe that offense runs up to life, a term of supervised
release of up to five years, a fine of $250,000, and a
mandatory special assessment of $100.

The elements as to these offenses are as follows:

As a lesser included offense, as to Count 1, the
defendant conspired or agreed with at least one other person to
violate federal drug laws, specifically 21 U.S.C. 841(a)(1),
which is the defendant knowingly and intentionally joined the
conspiracy, the defendant participated in the conspiracy, and
the overall scope of the defendant's involvement in the
conspiracy was a mixture and substance containing a quantity of
fentanyl and a mixture and substance containing quantity of
heroin.

As to Count 2, the defendant committed the elements
of a drug-trafficking crime prosecutable in federal court. The
defendant possessed firearms, and the possession of the
firearms was in furtherance of the drug-trafficking crime.

UNITED STATES DISTRICT COURT

 1          In support of the defendant's plea, the government

 2     and the defendant agree and stipulate to the following facts,

 3     which satisfy the offense elements:

 4          In early 2019, the Knox County Sheriff's Office

 5     received information from a confidential informant that the

 6     codefendant, Darrien Daniels, was the source of heroin.

 7     Daniels was known to law enforcement, as they had received

 8     information in the previous year that he sold heroin in Knox

 9     County.  Confidential informant assisted law enforcement by

10     conducting two controlled buys of heroin.

11          The first controlled buy occurred at a commercial lot

12     in Knox County where Daniels left his residence at 7721 Gilmore

13     Lane, Corryton, Tennessee, prior to meeting with confidential

14     informant.  The second controlled buy occurred at Daniels'

15     residence at 7721 Gilmore Lane.

16          The confidential informant obtained heroin for money

17     from Daniels during both buys.  The controlled buys occurred

18     within a week of one another.  After the second controlled buy,

19     law enforcement obtained a search warrant for Daniels'

20     residence.

21          On April the 5th, 2019, officers executed a search

22     warrant at 7721 Gilbert Lane.  Daniels was present at the

23     residence when the search warrant was executed, along with the

24     defendant, Taylor Meadows.  During the search, law enforcement

25     located a quantity of heroin and fentanyl, scales, multiple

                    UNITED STATES DISTRICT COURT

1    cell phones, a large sum of U.S. currency, a .40 caliber Kahr

2    handgun, a .40 caliber Taurus handgun, a .38 caliber Smith &

3    Wesson revolver, a 9-millimeter SCCY handgun, .38 caliber

4    ammunition, .40 caliber ammunition, and 9-millimeter

5    ammunition.  Three of the firearms were found in the nightstand

6    right next to Daniels' side of the bed.  The other firearm was

7    found on the defendant Taylor Meadows' side of the bed.

8           The defendant admits that she possessed the firearm

9    that was found on her side of the bed.  The defendant also

10   admits that she possessed the firearm in furtherance of the

11   drug-trafficking business.

12           The defendant agrees that while participating in the

13   conspiracy, she personally conspired to distribute or to

14   possess with intent to distribute within the Eastern District

15   of Tennessee a mixture and substance containing a combination

16   of heroin and fentanyl that included at least 8 grams but less

17   than 60 grams -- 16 grams of a detectable amount of fentanyl.

18           THE COURT:  All right.  Thank you, Mr. Quencer.

19           Returning to you now, Ms. Meadows, did you hear the

20   government's case against you?

21           THE DEFENDANT:  Yes.

22           THE COURT:  And do you agree with the government's

23   summary of what you did, outlined in your plea agreement and by

24   the government here today in Court?

25           MR. BROWN:  Go ahead and answer the question.

1          THE DEFENDANT:  Yes.

2          THE COURT:  The answer is yes?

3          THE DEFENDANT:  Yes.

4          MR. BROWN:  Yeah, Your Honor.  I'm just -- she was

5   pointing out there's a typographical error in Paragraph 3B.  It

6   should be the search warrant is actually -- it's 7721 Gilmore

7   Lane, not Gilbert Lane.  So we can just, you know, scratch that

8   out.  I think that will be fine.

9          THE COURT:  Other than that correction as to the name

10  of the street name, do you otherwise agree with all the facts

11  in the plea agreement?

12          THE DEFENDANT:  Yes.

13          THE COURT:  Do you understand these may not be all

14  the facts of the case, and that other facts may be relevant to

15  sentencing, and that both you and the government retain the

16  right to present additional facts to the Court at the time of

17  sentencing?

18          THE DEFENDANT:  Yes.

19          THE COURT:  All right.  Do you understand you're

20  pleading guilty, first, to the lesser included offense of

21  Count 1 of the indictment, that is conspiracy to distribute and

22  possess with intent to distribute a mixture and substance

23  containing a quantity of fentanyl, a Schedule II controlled

24  substance, and heroin, a Schedule I controlled substance, in

25  violation of 21 United States Code Sections 846, 841(a)(1), and

UNITED STATES DISTRICT COURT

1  (b)(1)(C)?

2             THE DEFENDANT:  Yes.

3             THE COURT:  Do you understand the elements of this

4  charge against you?

5             THE DEFENDANT:  Yes.

6             THE COURT:  Do you understand the punishment for this

7  offense, Count 1, is a term of imprisonment of not more than 20

8  years, a maximum fine of $1 million, supervised release of at

9  least three years to life, forfeiture, and a $100 assessment?

10            THE DEFENDANT:  Yes.

11            THE COURT:  All right.  As to the lesser included

12 offense of Count 1 in the indictment, charging you with this

13 violation of 21 United States Code Sections 846, 841(a)(1), and

14 (b)(1)(C), how do you plead?

15            THE DEFENDANT:  Guilty.

16            THE COURT:  Do you understand you're also pleading

17 guilty to Count 2 of the indictment, that is, possession of

18 firearms in furtherance of a drug-trafficking crime in

19 violation of 18 United States Code Section 924(c)(1)(A)?

20            THE DEFENDANT:  Yes.

21            THE COURT:  Do you understand the elements of this

22 charge against you?

23            THE DEFENDANT:  Yes.

24            THE COURT:  Do you understand the punishment for this

25 offense is a mandatory minimum term of imprisonment of five

                    UNITED STATES DISTRICT COURT

years to life to run consecutive with any of the other offenses
in the indictment, supervised release of up to five years, a
fine of up to $250,000, forfeiture, and a $100 assessment?

THE DEFENDANT:  Yes.

THE COURT:  As to Count 2 of the indictment, charging
you with this violation of 18 United States Code Section
924(c)(1)(A), how do you plead?

THE DEFENDANT:  Guilty.

THE COURT:  As to both Count 1 and Count 2, do you
understand what you're pleading guilty to?

THE DEFENDANT:  Yes.

THE COURT:  And are you offering to plead guilty
because you are in fact guilty?

THE DEFENDANT:  Yes.

THE COURT:  All right.  Ms. Meadows, if your plea is
accepted, you'll be adjudged guilty of a felony, and this may
deprive you of valuable civil rights, such as the right to
vote, hold public office, serve on a jury, and possess any kind
of firearms.

The Court also advises you that the Court is required
to consider any applicable Sentencing Guidelines, but may vary
from those Guidelines under some circumstances.

Have you had the opportunity to discuss with your
attorney the possible application of these advisory Guidelines
to your case?

UNITED STATES DISTRICT COURT

1          THE DEFENDANT:  Yes.

2          THE COURT:  The Court further advises you that should

3   it accept your plea, your sentence could be enhanced or

4   increased due to any prior convictions you may have.

5          In addition, if the Court accepts your plea of

6   guilty, a judgment of conviction will result, and this

7   conviction may be used against you in the future, if you should

8   be convicted in any subsequent proceeding, to enhance or

9   increase any sentence you might receive for any future offenses

10  you might commit.

11          In other words, your guilty plea in this case could

12  hurt you in the future in the event of future wrongdoing.

13          Do you understand that?

14          THE DEFENDANT:  Yes.

15          THE COURT:  All right.  Do you also understand you'll

16  not be permitted to withdraw your plea on the basis of the

17  sentence you might receive?

18          THE DEFENDANT:  Yes.

19          THE COURT:  All right.  The Court notes the

20  government has not made any rec -- has not made any agreement

21  to recommend a particular sentence, and your sentence is to be

22  determined by the Court in conformity with any appropriate

23  sentencing factors, including any applicable Sentencing

24  Guidelines.

25          Do you understand that?

1          THE DEFENDANT:  Yes.

2          THE COURT:  The Court will not be able to determine

3    an appropriate sentence until having received the presentence

4    report, and you and the government will have an opportunity to

5    consider and challenge the facts in that report.

6          In addition and under some circumstances, the

7    government may have the right to appeal the sentence imposed by

8    this Court.

9          The Court advises you that parole in the federal

10   system has been abolished, and if you are sentenced to prison,

11   you will not be released on parole.

12         Ms. Meadows, are you presently on probation as to any

13   previous offense or parole from any penal institution?

14         THE DEFENDANT:  No.

15         THE COURT:  The Court is also required to inform you

16   as a condition of any period of supervised release that might

17   be imposed in this case, such supervised release would be

18   revoked should you be found in possession of any controlled

19   substance or firearm.  This revocation is mandatory under

20   federal law.

21         Knowing these various penalties, do you still wish to

22   plead guilty?

23         THE DEFENDANT:  Yes.

24         THE COURT:  The Court has observed the appearance of

25   this defendant and her responsiveness to the questions asked.

UNITED STATES DISTRICT COURT

1   Based upon these observations and answers to the questions, the

2   Court finds the defendant, Ms. Taylor Meadows, to be in

3   possession of her faculties and competent to plead guilty.

4           The defendant is not under the influence of narcotics

5   or other drugs or alcohol.

6           She knowingly waives her constitutional rights to

7   trial and other rights afforded to persons accused of crime.

8           The factual basis of this guilty plea has been

9   established, and the defendant understands the nature and

10  element of the offense to which the plea is offered and the

11  maximum and minimum penalties provided by law for the offense.

12          The defendant has offered to plead guilty knowingly

13  and voluntarily; accordingly, the plea of guilty will be

14  accepted, and the defendant is adjudged guilty of violating

15  Title 21 U.S. Code Sections 846, 841(a)(1) and (b)(1)(C), the

16  lesser included offense thereto, that being, on or about

17  January 1, 2018 through on or about April 5, 2019, in the

18  Eastern District of Tennessee, the defendant did combine,

19  conspire, confederate, and agree with at least one other person

20  to knowingly, intentionally, and without authority distribute

21  and possess with intent to distribute a mixture and substance

22  containing a quantity of fentanyl and heroin.

23          The defendant is also adjudged guilty of violating

24  Title 18 U.S. Code Section 924(c)(1)(A), that is, on or about

25  April 5, 2019, in the Eastern District of Tennessee, the

UNITED STATES DISTRICT COURT

1   defendant did knowingly possess firearms in furtherance of a

2   drug-trafficking crime for which she may be prosecuted in a

3   court of the United States, that is, conspiracy to distribute

4   and possess with intent to distribute controlled substances, as

5   set forth in Count 1 of the indictment.

6           Ms. Meadows, do you understand you'll be asked to

7   give information to the probation officer for the presentence

8   report, and that you may have your attorney present with you at

9   that time if you wish?

10          THE DEFENDANT:  Yes.

11          THE COURT:  You and your attorney will be permitted

12  to read the presentence report before the sentencing hearing.

13          Within 14 calendar days of filing of the report, all

14  parties must file with the Court any objections that may have

15  to the report or notice of no objections, pursuant to Local

16  Rule 83.9(c).

17          And, Ms. Taylor -- excuse me, Ms. Meadows, you're

18  advised that at that sentencing hearing, both you and your

19  attorney will be permitted to speak on your behalf.

20          I understand we're going to set sentencing in this

21  case, subject to any necessary calendaring changes, for

22  Wednesday, June 3, 2020 at 11:00 a.m.

23          I also understand the defendant will remain detained

24  pending sentencing.

25          Any other matters to bring up at this time,

                    UNITED STATES DISTRICT COURT

1    Mr. Quencer, on behalf of the government?

2              MR. QUENCER:  There are not, Your Honor.

3              THE COURT:  Thank you.

4              Mr. Brown, on behalf of the defendant?

5              MR. BROWN:  No, Your Honor.  Thank you.

6              THE COURT:  Thank you.  We'll stand in recess.

7              THE COURTROOM DEPUTY:  All rise.  This honorable

8    court shall stand in recess.

9         (Proceedings adjourned at 11:20 a.m.)

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

                    UNITED STATES DISTRICT COURT

1          **CERTIFICATE OF REPORTER**

2     STATE OF FLORIDA

3     COUNTY OF HILLSBOROUGH

4          I, Rebekah M. Lockwood, RDR, CRR, do hereby certify

5     that I was authorized to and did stenographically report the

6     foregoing proceedings; and that the foregoing pages constitute

7     a true and complete computer-aided transcription of my original

8     stenographic notes to the best of my knowledge, skill, and

9     ability.

10         I further certify that I am not a relative, employee,

11    attorney, or counsel of any of the parties, nor am I a relative

12    or employee of any of the parties' attorneys or counsel

13    connected with the action, nor am I financially interested in

14    the action.

15         IN WITNESS WHEREOF, I have hereunto set my hand at Tampa,

16    Hillsborough County, Florida this 17th day of August, 2020.

17

18

19

20    _____
      REBEKAH M. LOCKWOOD, RDR, CRR
21    Official Court Reporter
      United States District Court
22    Middle District of Florida

23

24

25